FILED
2022 MAR 11 AM 10:42
CLERK
U.S. DISTRICT COURT

Received
2022 MAR 9 PM 3:19
CLERK
U.S. DISTRICT COURT

UTAH LEGAL SERVICES, INC.
Attorneys for Plaintiff
By:  Jacob P. Kent, #13772
By:  Kendall McLelland, #17680
205 North 400 West
Salt Lake City, Utah 84103
jkent@utahlegalservice.org
kmclelland@utahlegalservices.org
Telephone:  (801) 328-8891 ext. 3365
Fax: (801) 990-3947

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHELLE OLSEN,<br><br>                Plaintiff,<br><br>        v.<br><br>DAVIS   COMMUNITY   HOUSING<br>AUTHORITY,<br><br>                Defendant. | COMPLAINT<br><br>Civil No. Case: 1:22−cv−00039<br>Assigned To : Romero, Cecilia M.<br>Assign. Date : 3/9/2022<br>Description: Olsen v Davis Community<br>Housing Authority<br><br>Judge: |

Plaintiff Michelle Olsen ("Ms. Olsen"), by her attorneys Jacob Kent and Kendall

McLelland of Utah Legal Services, Inc., complains against Defendant Davis Community Housing

Authority as follows:

### PARTIES

1. Plaintiff Michelle Olsen has been a resident of Davis County and was a nine-year

   participant in the Defendant's Section 8 Program at all times relevant to this action.

2. Defendant Davis Community Housing Authority is a local Public Housing Authority

   transacting business in Davis County, Utah. Until Ms. Olsen was terminated effective

1

December 31, 2019, Defendant administered Ms. Olsen's voucher under the Section 8

Housing Choice Voucher Program (HCVP).

## JURISDICTION

3.  Jurisdiction over this action is conferred on this court under the following statutes:

    a.  28 U.S.C. § 1331 (federal question jurisdiction), in that this action arises under the Constitution and laws of the United States, which grant rights and benefits to Ms. Olsen;

    b.  28 U.S.C. § 1337, in that this is a civil action arising under federal housing acts, which are acts regulating commerce;

    c.  28 U.S.C. § 1343 (a)(3), in that this is action is to redress the deprivations, under color of state law, of rights secured by the Fourteenth Amendment of the United States Constitution;

    d.  28 U.S.C. § 2201 and 42 U.S.C. § 1983, which provide redress for the deprivation, under color of state law, of rights, privileges, and immunities secured to all citizens and persons within the jurisdiction of the United States by the Constitution and laws of the United States.

## VENUE

4.  Venue in this case is proper in this district under the following statutes:

    e.  31 U.S.C. § 3732 (a), as Davis Community Housing Authority has its principal place of business located in and conducts business in this district;

    f.  28 U.S.C. § 1391 (b), as Ms. Olsen's claims arose in this district.

## FACTUAL BACKGROUND

5.  From February 2011 to December 31, 2019, Ms. Olsen a participant in the Housing Choice Voucher Program (HCVP) administered by Defendant.

6.  Defendant sent a letter on September 26, 2019 scheduling an inspection for Thursday, November 7, 2019 between 9:00 am and 12:00 pm. Exh. A

7.  On the date of the inspection, Plaintiff was not available due to the tragedy of her daughter's death and funeral. Plaintiff's daughter's funeral was on November 6-7, 2019. Exh. B

8.  Defendant sent a letter on November 7, 2019 that Plaintiff had failed her inspection on November 7. The reasons stated were: "Tenant was a no show for the inspection. The front yard was found to be littered. Two (2) unlicensed vehicles on the premises. The front porch has a trip hazard." Exh. C.   The letter included a rescheduling of the inspection for December 3, 2019 between 9:00 am and 12:00 pm.

9.  Defendant sent a second letter on November 19, 2019 with the same information as the original letter sent on November 7 notifying Plaintiff of the failed inspection on that date. *See* Exh. D.

10. Plaintiff requested a hearing to appeal her termination and a hearing was held before hearing officer Mary Swanstrom on December 30, 2019.  *See* Exh. E.

11. On January 2, 2020, the Davis Community Housing Authority (DCHA) terminated Ms. Olsen's housing assistance effective December 31, 2019. The termination notice stated that the decision was based upon "…a careful review of the notes made during our discussion, supporting documents in your file, and the applicable sections of the Code of Regulations

and DCHA policy to determine if the housing authority followed procedure with their decision to terminate your Housing Choice assistance." Exh. F

12. The decision only states that Plaintiff "fail[ed] to complete your inspection…", but makes no specific showing to indicate what evidence was relied upon in reaching the decision, or that any evidence was offered by Plaintiff at all. *See Id.*

## NATURE OF THE ACTION

13. According to 42 U.S.C. § 1437f (a), the purpose of Section 8 Low income HCVP is to aid "low-income families in obtaining a decent place to live and of promoting economically mixed housing…" The program aids low-income families by providing rent subsidies enabling them to enter the private rental housing market and is operated by local housing authorities under federal regulations. 42 U.S.C.A. § 1437f (a) (2014).

14. Plaintiff, a former participant in the Section 8 program, seeks reinstatement to the program and reimbursement for all out-of-pocket expenses resulting from lost housing benefits when Defendant failed to afford Plaintiff her right to due process before terminating her housing benefits.

15. Defendant denied Plaintiff her right to due process on the grounds that the termination decision does not satisfy the regulatory requirements to provide a truly informative decision, as it does not state the evidence relied upon to uphold the termination of assistance.

## CAUSES OF ACTION

### I.    VIOLATION OF DUE PROCESS

16. Plaintiff hereby incorporates paragraphs 1-12.

17. Plaintiff's right to due process is guaranteed by the Fourteenth Amendment to the U.S. Constitution.

18. Ms. Olsen's due process rights were also violated in the termination decision issued after the hearing because the written hearing decision does not give reasons for the termination of assistance and does not refer specifically to any documents or evidence produced at the hearing, nor does it give reasons for the termination based on presented evidence. The hearing decision "must be truly informative as to the reasons for the decision. This would include… a short statement of the elements of fact or law on which the decision is actually based. A bare and conclusory statement of the hearing decision, that does not let the participant know the basic reasons for the decision, will not satisfy the regulatory requirement." Section 8 Housing Assistance Payments Program; Existing Housing, 49 FR 12215-01 at 12,230 (1984).

19. *In Brantley v. West Valley City Housing Authority, a* Utah Federal court found a due process violation to have occurred when the written decision did not state "what the evidence was, what the police reports stated, or what witnesses stated." A "conclusory statement of the decision with no reasons to support it" was not sufficient to satisfy due process. *Brantley v. W. Valley City Hous. Auth.,* No. 2:08CV573DAK, at 6 (D. Utah Feb. 4, 2009). This indicates that a statement of relevant evidence is necessary to fulfill the regulatory requirements of a "truly informative" decision which lets the "participant know the basic reasons" for the decision. Section 8 Housing Assistance Payments Program; Existing Housing, 49 FR at 12,230 (March 29, 1984). As discussed above, these requirements have not been met in this case.

20. Defendant's actions violated Ms. Olsen's right to due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution.

## II.    VIOLATION OF 42 U.S.C. § 1983

21. Plaintiff hereby incorporates paragraphs 1-34.

22.  42 US.C. § 1983 provides:

> *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .*

23. Defendant is acting as an agent of the U.S. Department of Housing and Urban Development in administering the Section 8 Federal Housing Choice Voucher Program.

24.  Defendant is a department of Davis County, and thus all of its actions are "under color of" state law.

25. Defendant has subjected Ms. Olsen to the termination of her benefits under the Section 8 Federal HCVP.

26. Defendant has deprived Ms. Olsen of her rights without due process of law. Ms. Olsen enjoys a property interest in continued occupancy of subsidized housing, and that interest constitutes a statutory entitlement.  Accordingly, the protections of procedural due process apply.

27. Defendant, as a result of depriving Ms. Olsen of her due process rights, is liable to the party injured in an action at law or other proper proceeding for redress.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT:

1. Assume jurisdiction of this case.

2. Enter a declaratory judgment that defendant has failed to comply with federal law and regulation and has violated plaintiff's right to due process of law.

3. Order the Defendant to immediately reinstate Ms. Olsen's Section 8 voucher.

4. Order Defendant to reimburse Ms. Olsen for her unpaid assistance as a result of the improper termination.

5. Award Plaintiff reasonable attorney's fees.

6. Award such other relief as is just and proper.

DATED this 4th day of March 2022.

UTAH LEGAL SERVICES, INC.
Attorneys for Plaintiff


/s/ Kendall McLelland
BY: KENDALL MCLELLAND